# Corporate Authorities of Scottsboro *v.* Johnston. ·

*Prosecution Before Mayor for Disorderly Conduct.*

1. *Imprisonment; day of sentence part of.*—As a general rule the day on which a prisoner is sentenced will be reckoned as a part of his imprisonment.
2. *Escape; when a person not an; resisting arrest when legal.* If a prisoner is permitted by the court that tried him to go at large after conviction and sentence to hard labor, he is not an escape, and after the expiration of his term of sentence be cannot be legally re-arrested, and has the right to resist such attempt.
3. *What is not a contradiction of the record by parol proof.* Where a person is convicted in the mayor's court of an incorporated town for disorderly conduct and appeals to the circuit court, and on his trial in the latter court it appears

that the defendant had been convicted before the mayor and fined, and on failure to pay the fine had been sentenced to hard labor, and that the mayor permitted him to go at large after such conviction and sentence on his promise to pay the fine, and that after the expiration of his term of sentence the marshal attempted to re-arrest him, and his resistance to this attempt was the disorderly conduct charged against him, it was no contradiction of the record to permit him to prove by parol the action of the mayor in permitting him to go at liberty.

APPEAL from the Circuit Court of Jackson.

Tried before W. L. STEVENS, ESQ., Special Judge.

The facts are stated in the opinion.

J. E. BROWN, for appellant.

R. M. CLOPTON, and TALLY & PROCTOR, contra.

DOWDELL, J.—The appellee was prosecuted and convicted in mayor's court of the town of Scottsboro for the violation of one of the ordinances of the municipality; the charge being "for disorderly conduct in resisting arrest by the marshal." From this conviction the appellee appealed to the circuit court of Jackson county, in which court he was tried and acquitted. From the judgment of the circuit court the "corporate authorities of Scottsboro" appeal to this court.

On the trial in the circuit court the evidence without conflict showed, that the appellee, Stokes Johnson, had been previously tried in the mayor's court for disorderly conduct and fined in the sum of one dollar, and in default of payment of said fine, the mayor entered up a sentence to hard labor upon the streets of said town for two days, but at the same time permitted the defendant to go at large and return to his ordinary business and duties, upon a promise, then made to the mayor, that he, defendant, would pay said fine of one dollar. After the lapse of five days, the defendant not having paid the fine of one dollar, the mayor directed the marshal to arrest the defendant and put him to labor. It was in the making of this arrest by the marshal, that the defendant offered resistance, and for which he is now prosecuted for

"disorderly conduct in resisting arrest by the marshal."

It is a clear proposition that the defendant was not an escape, for he was at large by the order of the court that tried him. So the law, as to the re-arrest of an escaped convict, has no application in this case.

As a general rule, the day on which a prisoner is sentenced will be reckoned as a part of his imprisonment. *Ex parte Meyers*, 44 Mo. 279; Wharton's Criminal Pl. & Pr. (8th ed.) § 925. At the time of this arrest of the defendant by the marshal, under the mayor's direction, the time of the sentence had expired, and any further restraint of the defendant in his liberty after the expiration of the term of his sentence would have been illegal. In case of an escape where the defendant by his own misconduct prevents the execution of the sentence the principle above stated would not apply. It follows, that there was no authority of law for the arrest, and the defendant had a right to resist.

There was no error in the admission of the evidence, as to the action of the mayor in letting the defendant go at liberty upon his promise to pay the fine. This was in no sense contradicting the record by parol evidence.

This view of the case, renders it unnecessary to notice the other assignmnets of error, and besides they are not insisted on by counsel in argument. We find no error in the record and the judgment of the circuit court is affirmed.

Affirmed.