WILES et al. v. MOORE et al. (8 Div. 117.)

(Supreme Court of Alabama. May 20, 1918.)

CHATTEL MORTGAGES ☞48—OF CROPS—DESCRIPTION—SUFFICIENCY.

Mortgage, whereby it was agreed "that all crops of all kinds growing and to be grown on said farm shall be bound for the same," was void as a mortgage of crops, in that description was not such as could be made definite by parol, mortgagor cultivating several farms.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill by W. S. Wiles against J. G. Moore and others for an accounting and sale, or redemption of property under second mortgage. From a decree rendered, complainant appeals, and certain of the respondents filed cross-appeals. Affirmed on direct appeal, and reversed and remanded on cross-appeal.

The bill shows that on February 7, 1916, J. G. Moore executed to A. L. Teal a mortgage on certain live stock, and all crops to be raised during the year 1916; that on March 13, 1916, Moore executed and delivered to J. F. Hooper a mortgage on certain live stock and all crops to be raised during the year 1916, but that this mortgage has either been paid off or transferred to A. L. Teal, and Hooper has no further interest therein; that on April 17, 1916, J. G. Moore executed and delivered to T. L. Farrow Mercantile Company a mortgage on certain live stock, and all crops to be raised by him during the year of 1916; that on June 21, 1916, J. G. Moore executed and delivered to the International Agricultural · Corporation a mortgage on certain live stock therein described, and also all crops of corn, cotton, etc., raised by him during the year 1916, and that the said last-named mortgage is now the individual property of the said W. S. Wiles, and that said Wiles has been the owner since the execution of the mortgage, it having been given as collateral, and all interest held by the mortgagee having become divested from the mortgagee and invested in said Wiles. This mortgage is Exhibit 4 to the bill. It is further alleged that several other small mortgages and liens were given by said Moore on his said crops to be raised during the year 1916, and on the other property therein described, but it is the understanding and information of plaintiff that these have all been paid off and satisfied; that defendant Teal has taken possession of the greater part of said mortgaged crops and other produce, and said live stock, and has converted it to his own use without any pretense of foreclosure, and in violation of the

rights of complainant; that the Albertville Trading Company, Robinson Luther & Co., J. H. Collins, and many others named have each and all bought, sold, and conveyed to their own use a portion of said crops. The following is the description contained in Exhibit 4, the mortgage to the International Agricultural Corporation, and alleged to have passed to the ownership of Wiles:

To further secure the payment of this note, I hereby agree that all crops of all kinds growing and to be grown on said farm shall be bound for the same, and said mortgage shall be valid and binding upon said crops when detached, gathered and put into shape for market as before said detachment or gathering of same.

In his cross-bill Moore denies that he gave T. L. Farrow Mercantile Company a mortgage on any live stock. He avers that he cannot read, and that the mortgage was not read to him. He also denies giving any mortgage to the International Agricultural Corporation, but says he gave them a mortgage note for fertilizer, but expressly denies that he conveyed any property thereby. T. L. Farrow Mercantile Company also filed a cross-bill setting out the mortgage executed by Moore to them, and alleges that at that time Moore owned four mules which were covered by their mortgage, and that Moore is now in possession of the mules, or has delivered them to A. L. Teal, and that said Moore raised during 1916 a large crop of cotton, corn, etc., and has same on hand, or has sold and disposed of same to some or all of defendants named in original bill. The cross-bill also seeks an accounting as between cross-complainant and Moore and Teal, and to enforce any lien that it may have.

D. Isbell, of Guntersville, for appellants. McCord & Orr and Street & Bradford, all of Albertville, for appellees.

ANDERSON, C. J. We fully agree with the trial court that the mortgage from Moore to the "International Agricultural Corporation" of the 21st day of June, Exhibit 4 to complainant's bill, and which the complainant claims as assignee, is void as a mortgage of the crop because of uncertainty as distinguished from indefiniteness which could be made certain by parol. It does not say all crops or crops upon any particular farm, and the proof shows that the mortgagor cultivated several farms. Therefore the description was not such as could be made definite by parol, but was so uncertain as to render the mortgage void as a conveyance of the crop. Woods v. Rose, 135 Ala. 301, 33 South. 41; Smith v. Fields, 79 Ala. 335.

The trial court dismissed the cross-bill of the respondent Farrow Company without assigning any reason, but upon the evident theory that it had no valid mortgage. It is true several witnesses testified that Doggette told Moore that the instrument he was signing was not a mortgage, but a plain "guano note," but Doggette testified that he told him it was a mortgage, and Moore did not testify to the contrary, and we accept Doggette's version, as he is corroborated by common sense and reason, as the record discloses that Moore was not such a customer that a business man of even ordinary prudence would single out to sell fertilizer without taking security. We hold that the said Farrow Company was entitled to an accounting with Teal, and to a redemption or subjection of the property embraced in the mortgage to its lien if anything remained after satisfying the prior lien or mortgage of Teal. The case is affirmed upon direct appeal and is reversed and remanded upon the cross-appeal of the Farrow Company in order that the trial court may direct an accounting against the respondent Teal and render a decree accordingly. One half of the cost of this appeal will be taxed against the appellant Wiles, and the other half against the respondent A. L. Teal.

Affirmed on direct appeal. Reversed and remanded on cross-appeal.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.