(79 South. 316)

## VINSON v. STATE. (7 Div. 537.)

(Court of Appeals of Alabama. June 29, 1918.)

1. INTOXICATING LIQUORS ⊗═242—PROHIBITION LAW—PUNISHMENT FOR FIRST CONVICTION.

Sentencing to 12 months' hard work for the county for first conviction for violation of prohibition law is error; Acts 1915, p. 2, fixing a limit of six months.

2. CRIMINAL LAW ⊗═1083—APPEAL—SUBSEQUENT ORDER BY TRIAL COURT.

An order of the trial court suspending sentence, being made after taking of appeal, is for that reason void for lack of jurisdiction.

3. CONSTITUTIONAL LAW ⊗═73 — ENCROACHMENT ON PARDONING POWER — SUSPENDING SENTENCE.

Indefinite suspension of sentence by the court is an exercise by it of executive power, in contravention of Const. 1901, § 43, being an encroachment on the pardoning power, by section 124 fixed in the Governor.

Appeal from Circuit Court, Etowah County; J. E. Blackwood, Judge.

The defendant, Cleveland Vinson, was indicted and convicted of violating the prohibition law, and he appeals. Affirmed in part, and in part reversed and remanded.

F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

SAMFORD, J. There is no bill of exceptions in the record, and no exception reserved to any ruling of the court. The record discloses that the defendant was tried on an indictment charging a violation of section 3 of an act of the Legislature of 1915 (Acts 1915, p. 2), on November 14, 1917. A verdict of conviction was returned on November 14, 1917, judgment of conviction was rendered, and a sentence of the defendant for fine and costs and an additional term of 12 months' imprisonment at hard labor as additional punishment fixed by the court. As required by law, on that day the defendant prayed an appeal to this court, and sentence was suspended pending such appeal, and bond fixed at $3,000. On November 16th this bond was given, pending the appeal. On February 20, 1918, the following order was entered by the court:

"On this the 20th day of February 1918, comes the state by her solicitor and the defendant in open court in his own proper person, and, it being made to appear to the court that the fine and costs in this case have been fully paid, on motion it is ordered and adjudged by the court that the hard labor sentence in this case be, and the same is hereby, suspended pending defendant's good behavior."

[1] The judgment sentencing the defendant to 12 months' hard labor for the county was error. The limit fixed by the statute is such, as the instant case is 6 months for the first offense. Acts 1915, p. 2. For this error the sentence is set aside and annulled, and judgment of conviction is affirmed, and cause remanded for proper sentence.

[2, 3] The order of February 20, 1918, is void and of no effect for two reasons: First, an appeal had already been taken to this court, and therefore the trial court was without further jurisdiction in the case. (De Bardeleben v. State, ante, p. 367, 77 South. 979–981); second, trial courts may not indefinitely suspend sentences. The Constitution of this state, section 43, provides:

"In the government of this state, except in the instances in this Constitution hereinafter expressly directed or permitted, the legislative department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers, or either of them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men."

The pardoning power is fixed by the Constitution in the chief executive of the state. Constitution, § 124. The effect of such a sentence is a quasi pardon. 7 Mayf. Dig. 826; People v. Reilly, 53 Mich. 260, 18 N. W. 849; People v. Felkner, 61 Mich. 110, 27 N. W. 869. In early times, when there were no writs of error, or appeals in criminal cases, the courts found it necessary to exercise rather broad control over their sentences. Thus they frequently postponed the rendering of sentences for a short and definite time to enable the prisoner to apply to the executive for pardon. They also asserted the right to suspend for a reasonable period the execution of a sentence which had already been rendered in order to permit an inquiry into the sanity or pregnancy of the accused. At this point the early courts stopped, no further exception being recognized to the general rule that sentence must be imposed immediately upon conviction and when rendered, executed with dispatch.

The necessity for invoking the exercise of the inherent power to suspend sentence temporarily has now largely disappeared, because the modern reforms of criminal procedure have made adequate provision for the review of criminal cases, and in this case this power has been further limited by the Constitution itself. The effect of holding that trial judges have the power to fix punishment and then to postpone indefinitely the execution of them would be to transfer the pardoning power from the Governor to as many men as the state has trial judges, and thereby to set at naught the plain mandate of the Constitution. To make the execution of the sentences of parties convicted of crime dependent upon their future good behavior, which good behavior could be alone determined by the judges fixing the sentences, would be not only an encroachment upon the powers of the Governor as fixed by the Constitution, but would be to set up a government of men and not of laws. Such a system would be unthinkable. The practice of

---

⊗═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

indefinitely suspending sentences has been generally upheld on the theory that the power to determine when sentences shall begin includes the power to withhold it indefinitely upon condition. This claim, however, lacks historical justification, and such suspension is a pure usurpation, the anomalous character of which is frequently recognized.

The objections to such a practice are almost elementary. The defendant upon conviction is entitled to have sentence pronounced by the court according to the judgment, and, if pardon is desired, to make an application to the pardoning power. The state is entitled, upon conviction of a defendant charged with crime, to have the sentence given according to the judgment, and if clemency is asked, to have it passed upon by duly constituted authority. Fuller v. State, 100 Miss. 811, 57 South. 806, 39 L. R. A. (N. S.) 242, Ann. Cas. 1914A, 98; State v. Abbott, 87 S. C. 466, 70 S. E. 6, 33 L. R. A. (N. S.) 112, Ann. Cas. 1912B, 1189; In re Clendening, 1 Okl. Cr. 227, 97 Pac. 650, 19 L. R. A. (N. S.) 1041; U. S. v. Wilson (C. C.) 46 Fed. 748; Neal v. State, 104 Ga. 509, 30 S. E. 858, 42 L. R. A. 190, 69 Am. St. Rep. 175.

The weight of authority is to the effect that courts have not the inherent power to indefinitely suspend the execution of a sentence. People v. Brown, 54 Mich. 15, 19 N. W. 571; Neal v. State, supra; In re Flint, 25 Utah, 338, 71 Pac. 531, 95 Am. St. Rep. 853; Ex parte Peterson, 19 Idaho, 433, 113 Pac. 729, 33 L. R. A. (N. S.) 1067; State v. Abbott, 87 S. C. 466, 70 S. E. 6, 33 L. R. A. (N. S.) 112, Ann. Cas. 1912B, 1189; Ex parte Clendenning, 22 Okl. 116, 97 Pac. 650, 19 L. R. A. (N. S.) 1041, 132 Am. St. Rep. 628; In re Strickler, 51 Kan. 700, 33 Pac. 620; State v. Voss, 80 Iowa, 467, 45 N. W. 898, 8 L. R. A. 767; Daniels v. Persons, 137 Ga. 826, 74 S. E. 260; Ex parte Bugg, 163 Mo. App. 44, 145 S. W. 831. So far as we know, there is no statute of this state attempting to authorize a court to indefinitely suspend the execution of a sentence (section 7628 certainly does not do so); and, if there was, it would be in the very teeth of section 43 of the Constitution, and would therefore be void.

There is no error in the judgment of conviction, and that judgment is affirmed.

The sentence is set aside and annulled, and the cause is remanded to the trial court that a proper sentence may be pronounced in accordance with the foregoing opinion. Snyder v. State, ante, p. 535, 79 South. 316; Mulligan v. State, 15 Ala. App. 204, 72 South. 761.

Affirmed in part, and in part reversed and remanded.