(90 South. 13)

### BARRETT v. STATE.   (6 Div. 839.)

(Court of Appeals of Alabama.   June 14, 1921.
On Rehearing, July 19, 1921.)

1. **Criminal law ⬅575—Compliance with statute prohibiting trial of person on same or next day after arrest without his consent not jurisdictional.**

Loc. Acts 1919, p. 127, § 20, providing that no person shall be tried in the Jefferson county court of misdemeanors on the same day or the next day after arrest without his consent, is a mere rule of practice, and compliance therewith is not a jurisdictional requirement.

2. **Criminal law ⬅1144(7)—County court presumed not to have tried defendant on the same or the next day after arrest in violation of statute.**

The Court of Appeals, in the absence of evidence to the contrary, will presume that person convicted in Jefferson county court of misdemeanors was not tried on the same or the next day after his arrest without his consent, in violation of Loc. Acts 1919, p. 127, § 20.

3. **Constitutional law ⬅46(1)—Constitutional question not considered by Court of Appeals unless necessarily involved.**

The Court of Appeals will not consider a constitutional question, unless necessarily involved in the case.

#### On Rehearing.

4. **Criminal law ⬅1001 — Entry suspending sentence held a part of the judgment.**

Entry immediately below signature of judge on judgment of conviction, reading, "12 months suspended pending her good behavior and passed 30 days," *held* a part of the judgment, continuing court's jurisdiction over defendant and empowering it to amend the judgment as to the sentence and commit defendant back to custody of the officers of law for execution of the sentence.

5. **Constitutional law ⬅74—Criminal law ⬅978—Statute authorizing court to conditionally suspend sentence held constitutional.**

Loc. Acts 1919, p. 128, § 23, authorizing the Jefferson county court of misdemeanors to suspend execution of sentence conditionally, *held* constitutional as against contention that it invaded executive power of government, vested with the power to pardon and reprieve, in view of Code 1907, §§ 7628, 7632, 7639, 7653.

Samford, J., dissenting in part.

Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

Petition by Ollie Barrett, alias Rose, for habeas corpus. From judgment denying the writ, petitioner appeals. Affirmed.

Prosch & Prosch, of Birmingham, for appellant.

Section 23 of the Act creating the Jefferson County Court of Misdemeanors (Local Acts 1919, p. 121) is unconstitutional, and therefore the court was without jurisdiction to suspend the sentence, and, having suspended it, its subsequent action is void, and the petitioner was entitled to habeas corpus. 79 South. 316; 53 Mich. 260, 18 N. W. 849; 87 Kan. 740, 125 Pac. 78, 42 L. R. A. (N. S.) 249; 202 Ill. 287, 67 N. E. 23, 63 L. R. A. 82, 95 Am. St. Rep. 230; sections 43 and 124, Const. 1901; 110 Me. 96, 85 Atl. 474, 43 L. R. A. (N. S.) 443; 80 Iowa, 467, 45 N. W. 898, 8 L. R. A. 767; 87 S. C. 466, 70 S. E. 6, 33 L.

---

R. A. (N. S.) 112, Ann. Cas. 1912B, 1189; 6 Ala. App. 128, 60 South. 460; 28 Fla. 209, 10 South. 299; 94 Ala. 431, 10 South. 549.

Harwell G. Davis, Atty. Gen., W. M. Woodall, of Birmingham, and J. J. Mayfield, of Montgomery, for appellee.

The statute declares this court to be of record, and the judgment properly suspends the execution of the sentence; the suspension being a part of the judgment. Clisby v. State, 17 Ala. App. 475, 86 South. 140; Snyder v. State, ante, p. 188, 90 South. 40. The only thing that can be inquired into is the jurisdiction of the trial court to make the order. Section 7032–7033, Code 1907; 187 Ala. 426, 65 South. 840; 88 Ala. 128, 7 South. 3; 100 Miss. 811, 57 South. 806, 39 L. R. A. (N. S.) 242 Ann. Cas. 1914A, 98; section 7628, Code 1907. The constitutionality of the acts is not presented. 140 Ala. 172, 37 South. 250. The case of Daley v. City of Decatur, ante, 141, 90 South. 69, is clearly distinguishable from the case at bar.

SAMFORD, J. Petitioner was, on July 31, 1920, tried in the Jefferson county court of misdemeanors, on an affidavit dated the same day, charging vagrancy. She was convicted, fined $25, and as additional punishment was sentenced to 12 months hard labor for the county. A note is made as a part of the judgment, "An agreement to leave town;" also following the judgment and not a part thereof, "Twelve months suspended pending her good behavior and passed thirty days." Each 30 days thereafter until and including October 30th the entry was regularly made on the docket of the court, "Passed thirty days." On October 7th alias warrant was issued, and case set October 12th. On November 5th, the case having been passed by regular orders to that time, the court entered an order of commitment for execution of the sentence of July 31, 1920.

[1, 2] By an act of the Legislature approved September 10, 1919 (Acts 1919, p. 121), establishing the Jefferson county court of misdemeanors, jurisdiction was conferred on said court to try and determine certain causes, including the offense with which this defendant stands convicted. Section 20 of said act provides:

"That the court shall be opened at the discretion of the judge of said court any day during the week (except Sunday) for the trial of offenses committed within the jurisdiction of said court, but no person shall be tried on the same day or the next day after his arrest without his consent."

This is not a jurisdictional requirement, but establishes a rule of practice in the court, which, in the absence of evidence to the contrary, this court will presume was complied with in the trial of the petitioner.

[3] According to the record, then, the defendant stands convicted before a court of competent jurisdiction of the crime of vagrancy, and sentenced to hard labor for the county of Jefferson for a term of 12 months, which in no event, except by pardon, would expire until July 31, 1921. The docket entry suspending the sentence does not appear to be a part of the judgment; nor does it appear to be more than a minute entry, which the Supreme Court and this court have time and again held not to be a sufficient judgment of a court of record. (And the court trying this cause is such a court as provided by section 8 of the act creating it.) Besides, in the act creating the court (section 22), a form of judgment is prescribed, which must be signed by the judge. So that, assuming that the court had the power, under section 23 of the act, or under the general law to suspend the sentence (which is not here decided), it appears that such was not done, and therefore it is not necessary to a decision of this case to pass upon the constitutionality of section 23 of the act. Where this is the case the court will not consider the constitutional question not necessarily involved. Smith v. Speed, 50 Ala. 277; Joiner v. Winston, 68 Ala. 129; Hill v. Tarver, 130 Ala. 592, 30 South. 499; Bray v. State, 140 Ala. 172, 37 South. 250.

We have, then, in the case at bar, a valid judgment of conviction against the defendant which includes a sentence to hard labor, which sentence began on the day of the rendition judgment, to wit, July 31, 1920 (Scottsboro v. Johnston, 121 Ala. 397, 25 South. 809), but no part of which has been served. Under the Johnston Case, supra, it would seem that in any event the termination of the sentence would be one year from July 31, 1920. The question then presented here is whether or not the petitioner could be taken into custody by the authorities and compelled to serve the unexpired part of the sentence after he had been let to go by the court rendering the judgment. This particular question does not appear to have been decided by the Supreme Court of this state, but in other jurisdictions the decisions are in hopeless conflict. But this court, in the case of Daley v. City of Decatur, 90 South. 69,[1] has placed itself in line with those states, holding that, in such a case as the one at bar, the trial court has lost jurisdiction, and hence the petitioner is entitled to her discharge.

It follows that the trial judge erred in denying the petitioner the relief prayed. The judgment is reversed, and a judgment will here be entered discharging petitioner.

On Rehearing.

BRICKEN, P. J. On application for rehearing, the court has reached the conclusion that it was in error in holding on the

---

[1] Ante, p. 141.

original submission that the trial court had lost jurisdiction and control as to the judgment of conviction.

[4] The court fell into error by considering the minute entry suspending the sentence as not being a part of the original judgment of the court, and in treating it as a mere docket entry without the force and effect of a judgment. This entry appears just below the signature of the judge, and is as follows: "12 months suspended pending her good behavior and passed 30 days." On a more careful inspection and consideration of the transcript of the record in this case, the court is now convinced that the above-quoted entry was intended to be and was a part of the original judgment entry. That it was made at the same time or contemporaneous with the entry of the original judgment, and was therefore a part of it. If the judge's signature had appeared just below the entry instead of just above, as it does, there could be no doubt that the above-quoted entry was a part of the original judgment, and not a subsequent memorandum or docket entry. The following authority supports this holding of the court in treating the above-quoted entry as a part of the original judgment entry, and not a mere subsequent memorandum on the docket: Aline Clisby v. State, 17 Ala. App. 475, 86 South. 140.

The judgment was therefore kept under the jurisdiction and control of the court by virtue of the original judgment entry, and by the subsequent orders of continuance as appear upon the record. The trial court therefore had the power to alter or amend the judgment or the order as to sentence at any time between the original date of sentence, and when the trial judge ordered and directed that the sentence be executed. This being true, the circuit court ruled correctly in denying the petitioner her writ of habeas corpus and in committing her back to the custody of the officers and agencies of the law to execute the sentence in accordance with the judgment and orders of the court.

Moreover, it is not disputed, and was decided on the original hearing in this case, that this "defendant stands convicted before a court of competent jurisdiction of the crime of vagrancy and sentenced to hard labor for the county of Jefferson for the term of 12 months." Under the very terms of that judgment the sentence of hard labor will not expire until the 31st day of July, 1921. Hence, if the entry which we quoted above was not a part of the original judgment, but was void, still there would be a valid judgment and sentence, the terms of which had not expired when the alias warrant was issued on October 12, or on November 5, when the court entered another order directing the execution of the original sentence of July 31, 1920.

This court and the Supreme Court have repeatedly refused to discharge defendants and prisoners from custody where there was a valid judgment but an irregular or void sentence; and in such cases they reversed the case back to judgment, with directions to the trial court to enter proper orders of sentence. See Ex parte Smith, 1 Ala. App. 535, 56 South. 247; Haley's Case, 1 Ala. App. 533, 56 South. 245; Ossie v. State, 147 Ala. 152, 41 South. 945; Ex parte State, 76 Ala. 482.

This case is distinguished from the case of Daley v. City of Decatur, 90 South. 69,[2] and the case of Scottsboro v. Johnston, 121 Ala. 397, 25 South. 809, cited in the opinion on the original hearing, for the reason that in those cases the trial court had no statutory or common-law right or power to either suspend the imposition or the execution of the sentence, and hence the acts, orders, or quasi judgments of the court in those cases were tantamount to a discharge of the defendant or prisoner from custody; and hence there was no order, judgment, or sentence of any court of competent jurisdiction in those cases which authorized the detention and custody of the prisoner at the time of bringing of the habeas corpus.

[5] In this case the court of misdemeanors for Jefferson county is given express statutory authority to suspend the execution of sentence, just as are the circuit courts of this state by virtue of sections 7628, 7632, 7639, and 7653 of the Code. Consequently the trial court had express authority to suspend the sentence at the time of the rendition of the judgment and to make it a part of the judgment entry and to keep the judgment within the control of the court until the next term of the court as was done in this case. This court, as well as the Supreme Court, has held that section 7628 of Code 1907 was not unconstitutional; that it did not attempt to authorize the court to absolutely or indefinitely suspend the execution of a sentence to such an extent or in such manner as to be an invasion of the executive power of the government in which alone the Constitution vests the power to pardon and reprieve. Circuit courts have always exercised just such power as is conferred on this court by the statute of this state which created the court; and the statute also expressly confers on the court of misdemeanors for Jefferson county the powers of the circuit court as to such matters.

There is a great distinction between the power of the court to suspend absolutely and indefinitely a sentence from the power to temporarily or conditionally suspend the execution, or to keep the judgment or sentence within the control of the court for the time and in the manner provided by law. This court expressly decided in the case of Vinson v. State, 16 Ala. App. 536, 79 South. 316, that section 7628 of Code 1907 was not un-

---

[2] Ante, p. 141.

constitutional, and not an invasion of the pardoning power.

Section 23 of the act creating this court (Local Acts 1919, p. 128) expressly authorizes the trial court to suspend the execution of sentence conditionally, and temporarily, and we find no order or judgment of the court that was not authorized by this statute. It therefore follows that the application for rehearing must be granted, that the judgment of reversal be set aside, and a judgment of affirmance entered.

Application granted.

Affirmed.

SAMFORD, J. Upon a consideration of this application I concur in the conclusion reached by the majority that the petitioner should not be discharged, but, adhering to the views expressed in the original opinion, I still am of the opinion that the court had lost jurisdiction of the sentence, and petitioner's future confinement should date from the date of the original sentence.