15 So.2d 502

**SUMMERS v. STATE.**

3 Div. 400.

Supreme Court of Alabama.

Oct. 7, 1943.

Rehearing Denied Nov. 4, 1943.

Wm. C. Rayburn, of Guntersville, for the petition.

Wm. N. McQueen, Acting Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., opposed.

GARDNER, Chief Justice.

Petition of Charley Summers for certiorari to the Court of Appeals to review and revise the judgment and decision of that Court in the case of Summers v. State, 15 So.2d 500.

Writ denied.

All the Justices concur.

On Rehearing

GARDNER, Chief Justice.

Upon original consideration of the petition for writ of certiorari in this cause, the Court was at the conclusion that the opinion of the Court of Appeals sufficed to demonstrate petitioner was not entitled to his release on habeas corpus, and as a consequence, nothing further need here be added.

But counsel for petitioner, still insisting that the action of the State Board of Pardons and Paroles was ineffective, seeks to demonstrate his contention by a somewhat different line of reasoning. And out of deference to the earnest and ingenious argument of counsel, we have thought it appropriate to make a brief response, particularly in view of the fact that the contention now urged involves the integrity of the act of August, 1939, now embraced in Chapter 1 of Title 42, Code of 1940, constituting the present system regulating pardons and paroles.

The insistence seems to be that Amendment XXXVIII of the Constitution, as found preceding Title 1, page 332, Code of 1940, did not authorize the Legislature to create a board of pardons and paroles different from that already provided for in Section 124 of the Constitution of 1901, and that the only authority for the granting of pardons and paroles is that found in this latter section. True, Amendment XXXVIII does not state in so many words that it constitutes a substitute for Section 124 of the Constitution, but we think when the original act submitting the proposed constitutional amendment is considered in connection with the act of the Legislature passed in pursuance thereof five months thereafter, that it clearly appears said

amendment was intended as a substitute for said section.

■■■ The argument of counsel would give to the amendment of the Constitution a rather restricted meaning, and call for legislative detail in the fundamental law. While it is true that in the main, general principles governing the construction of statutes apply also to the construction of constitutions, yet it must not be overlooked that the function of constitutions is to establish the framework and general principles of government (12 C.J. 699; 16 C.J.S., Constitutional Law, § 15), and that constitutions usually deal with larger topics and are couched in broader phrases than legislative acts. It has often been said that the constitution does not receive a technical construction. Such is the substance of the language of this Court in Realty Investment Co. v. City of Mobile, 181 Ala. 184, 61 So. 248, which is in harmony with the current of authority elsewhere. 12 C.J. 699 et seq.; 16 C.J.S., Constitutional Law, § 15.

The very title of the act proposing the constitutional amendment here in question discloses an intent to amend Section 124; and in Section 1 of the act, we find the following:

"The proposed amendment is as follows: 'Section 124. The Governor shall have power to grant reprieves and commutations to persons under sentence of death. The Legislature shall have power to provide for and to regulate the administration of pardons, paroles, remission of fines and forfeitures, and may authorize the courts having criminal jurisdiction to suspend sentence and to order probation. No pardon shall relieve from civil and political disabilities unless specifically expressed in the pardon.'" Acts 1939, Sp.Sess., p. 8.

■■■ It thus appears that the very language of the amendment itself discloses an intention to grant to the Legislature the power, not only to regulate the administration of pardons and paroles, but also to provide therefor. This is certainly broad enough for legislative authority to substitute an entirely new system of pardons and paroles, which was done by the act of August 25th, 1939. This latter act, now embraced in Chapter 1, Title 42, Code of 1940, as above indicated, clearly discloses a legislative contemporaneous construction of this amendment in accord with these views. It is the generally recognized rule that "if the meaning of the constitution is doubtful, a legislative construction will be given serious consideration by the courts, both as a matter of policy and also because it may be presumed to represent the true intent of the instrument. A contemporaneous legislative exposition of a constitutional provision is entitled to great deference, as it may well be supposed to result from the same views of policy and modes of reasoning which prevailed among the framers of the instrument expounded." 12 C.J. 714; 16 C.J.S., Constitutional Law, § 33.

This principle was given recognition by this Court in Board of Revenue v. Huey, 195 Ala. 83, 70 So. 744, 746, where it was said:

"While a legislative construction of a constitutional provision cannot be accepted as final by the judiciary, yet it is justly influential when the provision is of doubtful meaning or effect, and this legislative interpretation of the provision has not been questioned, has been acquiesced in, and acted upon for a considerable period."

Here, the Legislature, within a short period of time after the adoption of this amendment, created the State Board of Pardons and Paroles under the authority of this amendment, thus disclosing the legislative interpretation of the amendment, which has not been questioned, but acquiesced in and acted upon for a considerable period. The argument of counsel would lead to the necessity of legislative details and express authorization, which are not essential in constitutional provisions. The amendment left all of these matters of detail to legislative discretion. Theretofore, the Legislature was hampered in this regard by the restrictions of Section 124 of the Constitution. The amendment giving the Legislature power to provide for and regulate the administration of pardons and paroles was very clearly intended to remove the restrictions of Section 124 so as to authorize the Legislature to establish such a system as it saw fit concerning these matters, in lieu of those in the original Constitution. Under this construction the old board existing under the provision of Section 124 of the Constitution must be considered as abolished by the new act under Amendment XXXVIII to the Constitution.

But we forego further discussion. We are well convinced that the Legislature has properly interpreted this amendment to the Constitution, and that its enactment,

as found in the Code as above cited, is valid and fully effective. The application will be denied.

Application overruled.

All the Justices concur.