193 So.2d 770

Charles James HOLMAN

v.

STATE.

I Div. 134.

Court of Appeals of Alabama.

Oct. 11, 1966.

Rehearing Denied Nov. 29, 1966.

Thos. M. Haas, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and Julian S. Pinkston, Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal was submitted May 19, 1966.

Holman had been found guilty of vagrancy. The circuit court (after a trial de novo without a jury) on June 10, 1965, suspended execution of a ninety-day hard labor sentence "pending the good behavior of the defendant" for a period of one year.

November 18, 1965, the State filed a motion to revoke the suspension. A hearing was held and probation was revoked. Hence this appeal.

### I.

The evidence to support revocation tended to show that Holman, who was acting as night clerk at a motel, asked a male guest if he desired a female companion. This guest testified that Holman directed him where to drive his car. There a young woman awaited and went away with him.

Holman denied he used the words and the implication the State sought to attach to his words and conduct if the State's witnesses were to be believed.

### II.

Code 1940, T. 15, § 334, provides:

"§ 334. When the court imposes additional punishment where a fine has been assessed by a jury, or in any case where the court is authorized to impose such punishment at imprisonment in the county jail or at hard labor for the county, the court may, in its discretion, suspend the execution of such sentence until a subsequent time to be then fixed by the court, and not to exceed six months, and may then order it to be executed or remit the same, or further suspend the execution of the sentence."

We fail to see that this section prevents the circuit court from employing the type of probation here indicated, i. e., a suspension extending over a longer period than the inchoate sentence.

Amendment No. 38 of the State Constitution transferred, in effect, the power, before the convict has ever been imprisoned, to permit extramural stay of sentence on *conditions* of hoped for reformation. By virtue of the amendment, the transfer was from the Executive Department. In 1939 Act 278 (now T. 42, Code, §§ 19–26) put the power in circuit courts and courts of record from whose judgments appeal lies directly to the Court of Appeals or Supreme Court. Code 1940, T. 42, § 19, as amended.

Before July 21, 1939, Constitution 1901, § 124, conferred upon the Governor the power (1) to remit fines and forfeitures (2) *after conviction*, to grant (a) reprieves, (b) paroles, (c) commutations of sentence, and (d) pardons.

On petition for (a) pardon, (b) commutation, or (c) parole in cases of felony, the matter was first laid before a board, i. e., the Attorney General, Secretary of State and State Auditor.

Montgomery v. State, 231 Ala. 1, 163 So. 365, 101 A.L.R. 1394, declaring the 1932 probation act unconstitutional rests on §

124, supra, and § 43 of the Constitution, separation of powers. This opinion undoubtedly instigated Governor Dixon's request for adoption of the change in § 124, supra. Acts 1939, Reg.Sess., p. XLVII, and 1939 Spec.Sess., p. III.

Amendment 38 proclaimed ratified July 21, 1939, reads as follows:

"The governor shall have power to grant reprieves and commutations to persons under sentence of death. The legislature shall have power to provide for and to regulate the administration of pardons, paroles, remission of fines and forfeitures, and may authorize the courts having criminal jurisdiction to suspend sentence and to order probation. No pardon shall relieve from civil and political disabilities unless specifically expressed in the pardon."

Summers v. State, 244 Ala. 672, 15 So.2d 502, was an application to review this court by certiorari. Our opinion, authored by Mr. Justice Simpson (then a judge of this court), appears in 31 Ala.App. 264, 15 So.2d 500. It put the 1939 law into operation as to earlier sentences.

The Supreme Court, though merely denying certiorari, in passing, commented that Amendment 38 has replaced old § 124, supra.

Act No. 275, approved August 25, 1939, implemented the second sentence of Amendment 38 by creating a Pardon and Parole Board.

By a parallel statute, Act No. 278, approved August 24, 1939, the Legislature empowered circuit courts and certain other courts of record to "suspend execution of sentence and place on probation any person convicted of crime in *any* court exercising criminal jurisdiction." (Italics added.) This now appears as Code 1940, T. 42, §§ 19–26, inclusive.

■ We think it clear that textually § 334, supra, is not within the ambit of § 124 of the Constitution, as amended. Section

334 is a statute for the mere maximum six months' postponement of obedience to a jail or hard labor sentence. Amendment 38 provides that sentences suspended thereunder are abated pending the probationary period without a specified maximum time. See Ex parte Hutchinson, 264 Ala. 447, 87 So.2d 847.

■ Considering the use of the expressions, "pending the good behavior of the defendant," and "for a period of one year," we conclude that the circuit court not only suspended execution of the sentence but also put the defendant on probation under § 19, T. 42. This section reads in part:

"§ 19. Circuit courts * * * subject to the provisions and conditions hereinafter provided, may suspend execution of sentence and place on probation any person convicted of crime in any court exercising criminal jurisdiction. The court shall have no power to suspend the execution of sentence imposed upon any person who has been found guilty and whose punishment is fixed at death or imprisonment in the penitentiary for more than ten years. * * *"

Too, we think that § 24 of T. 42, first sentence, shows a power to postpone for longer than the six months found in Code 1940, T. 15, § 334. This provision is:

"The period of probation or suspension of execution of sentence shall be determined by the court and such period may be continued, extended or terminated. * * *"

III.

■ We have heretofore indicated that appeals from revocation of probation are permissible (Sparks v. State, 40 Ala.App. 551, 119 So.2d 596), but that the appellate court, in reviewing the record below, will not reverse except where there has been a lack of credible evidence to reasonably satisfy the trial court. Fiorella v. State, 40 Ala.App. 587, 121 So.2d 875.

■ We think that here there was such a breach of the conditions of probation in accordance with the class of the general guidelines of T. 42, § 22.

It results that the judgment below is due to be

Affirmed.

### On Rehearing

Appellant's argument boils down to a contention that a suspension of execution of sentence "pending good behavior" is not a form of probation. This contention, when analyzed in the light of Montgomery v. State, 231 Ala. 1, 163 So. 365, 101 A.L.R. 1394, would render the original sentence invalid as ultra vires. Nevertheless, the adjudication of guilt would stand.

■ We consider that, in view of the history and text of Amendment 38, supra, the power to suspend a sentence (other than for a short period to let a prisoner settle his affairs and perhaps pay his lawyer) can only be exercised when coupled with an order for probation.

■ Hence, we indulge the presumption that "pending good behavior" was a form of probation whereunder the prisoner was to be on his honor rather than under a probation officer.

Application overruled.