In this case, the appellant, James F. Carter, plead guilty in the Circuit Court of Jackson County, Alabama, on October 17, 1974, to the charge of assaulting an officer while in the performance of his lawful duties and was sentenced in open court to a fine of $100.00 and a term of three months imprisonment in the county jail, the jail sentence to be served for forty-five days of time with a ten day release period intervening.
Without dispute the appellant paid the fine and reported on December 2, 1974, to the sheriff of Jackson County to commence serving his sentence. Without dispute the sheriff of Jackson County advised the appellant to return to his home in Jackson County, and appellant did not hear from the sheriff's department at any future time until he was arrested on an alias warrant issued by the Circuit Court on September 19, 1975. Appellant then filed his petition for habeas corpus in the Circuit Court, which was heard on October 7, 1975, and denied, and the appellant was ordered remanded to the custody of the sheriff of Jackson County to complete serving his sentence.
 I
The sole issue presented is whether or not, under the circumstances outlined above, the Circuit Court may order the *Page 596 
appellant to complete a sentence. Title 15, Section 334, Code of Alabama 1940, is as follows:
 "Punishment by imprisonment in county jail or at hard labor for county; sentence suspended or remitted. — When the court imposes additional punishment where a fine had been assessed by a jury, or in any case where the court is authorized to impose such punishment at imprisonment in the county jail or at hard labor for the county, the court may, in its discretion, suspend the execution of such sentence until a subsequent time to be then fixed by the court, and not to exceed six months, and may then order it to be executed or remit the same, or further suspend the execution of the sentence."
Under the above section, the Circuit Court, through the trial judge, has the power in its discretion to suspend execution of a sentence until a subsequent time, in which event the court retains control over the sentence to and including the date named. Barrett v. State, 18 Ala. App. 246, 90 So. 13; Clark v.State, 20 Ala. App. 472, 102 So. 916. However, the trial court does not have the authority to suspend the execution of the sentence indefinitely, as such would be in violation of the provisions of Article 4, Section 43, Constitution of Alabama 1901. Vinson v. State, 16 Ala. App. 536, 79 So. 316.
 II
This Court has determined, in construing Title 15, Section 334, supra, that where the Circuit Court is dealing with probation, the suspension of a sentence may be for a period longer than six months. Holman v. State, 43 Ala. App. 509,193 So.2d 770, cert. denied 280 Ala. 714, 193 So.2d 773.
Holman, supra, also construes Title 42, Section 24, Code of Alabama 1940.
 III
Clearly, habeas corpus is the appropriate remedy to examine the term of a sentence set within lawful limits. Williams v.State, 47 Ala. App. 388, 255 So.2d 58.
In the instant cause, the appellant paid his fine, as required by the judgment below, and reported to the sheriff, as directed, to commence serving his sentence. For reasons unknown, the sheriff directed the appellant to return to his home, which was on Highway 72, near Stevenson, in Jackson County, a farm.
Without dispute, the appellant was allowed to remain there and only left the county to visit a heart specialist in Chattanooga, Tennessee. Without dispute, the appellant's whereabouts were known, and there was no effort made to rearrest him until the alias warrant was issued on September 19, 1975, some eleven months after the original sentence, and more than nine months after the appellant reported to the sheriff to serve the sentence in question.
We do not deem it necessary to here decide whether or not a sheriff may frustrate a lawful order of the Circuit Court "by allowing the prisoner to go to his home." For it appears appropriate to here note that without question the appellant was allowed to remain at his home, and in fact make a crop in the year 1975 at his farm.
It is the opinion of this Court that when the appellant reported to complete serving his sentence on December 2, 1974, after paying his fine, he did all that was required of him. No action was taken without dispute by any of the officials of Jackson County, Alabama, from December 2, 1974, until September 19, 1975. We believe that this is an unreasonable period of time within which to seek to carry out a term of a sentence which had been previously lawfully determined within said limits. Title 15, Section 334, Code of Alabama 1940.
No action having been taken by the Circuit Court to secure the physical presence of the appellant until September 19, 1975, we hold that the Court was estopped to order the execution of the sentence at this point in time.
We hold the alias warrant in question is void, and this cause is due to be reversed and rendered, and the appellant discharged.
REVERSED AND RENDERED. *Page 597 
HARRIS, DeCARLO and BOOKOUT, JJ., and SIMMONS, Supernumerary Circuit Judge, concur.
CATES, P.J., not sitting.