BASCHAB, JUDGE,
concurring in part and dissenting in part.
I concur to affirm the appellant’s conviction. However, because the execution of his sentence is not legal, I must respectfully dissent as to his sentence.
In this case, the trial court sentenced the appellant to serve a term of five years in prison, but split the sentence and ordered him to serve “180 days Minimum in the Disciplinary Rehabilitation Program of the State of Alabama (Boot Gamp) and upon successful completion thereof, the Defendant is to be returned to this Court for further hearing.” (C.R. 16.) The trial court did not impose a period of probation to follow the period of incarceration.
In Madden v. State, 864 So.2d 395, 396-99 (Ala.Crim.App.2002), this court addressed the requirements when imposing a split sentence pursuant to § 15-18-8, Ala. Code 1975, as follows:
“Madden filed the petition on September 10, 2001. On the Rule 32 form, Madden indicated that he had pleaded guilty on September 7, 2000, to theft of property in the first degree; that the trial court had sentenced him to 15 years’ imprisonment; that the sentence was split and he was ordered to serve 6 months in confinement; and that he did not appeal his conviction. As for the grounds raised in the petition, Madden checked the line on the Rule 32 form indicating that ‘[t]he trial court was without jurisdiction to render the judgment or to impose the sentence,’ but he did not attach anything to the Rule 32 form setting forth the factual basis for this claim. (C. 5.) On the Rule 32 form, Madden also answered ‘yes’ to question no. 10 asking if, other than a direct appeal, he had ‘previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal.’ (C. 3.) Under question no. 11 on the form, asking what other petitions, applications, or motions he had filed, Madden stated that he had filed a ‘probation hearing’ in the ‘Court of Appeals,’ and that he had raised the ground that the ‘trial court lost jurisdiction to put defendant on probation after 30 days from date the 6-month sentence was completed, when sentencing order did not mention probation would follow after sentence was completed.’ (C. 3.) On October 22, 2001, Madden filed a motion requesting that the circuit court grant his Rule 32 petition and set aside his conviction because the State had not filed a response to the petition within 30 days as required by Rule 32.7(a), Ala. R.Crim. P.
“On November 27, 2001, the circuit court, apparently believing that Madden’s answers to question nos. 10 and 11 on the Rule 32 form were the grounds of Madden’s petition, issued the following order:
“ ‘This cause came before the court on a Rule 32 filed by the defendant. The defendant alleges this Court lost jurisdiction to place the defendant on probation because such order was entered more than thirty (30) days from the date of his original sentencing.
*1138 “ ‘The State failed to respond to the defendant’s Rule 32, as required by Rule 32.7(a).
“ ‘Because the State failed to respond, the defendant’s Rule 32 is GRANTED and the Court’s order of March 30, 2001, placing the defendant on probation, is RESCINDED. Consequently, the Court’s order imposing the defendant’s fifteen (15) year sentence is RESCINDED.
“‘The defendant’s request for his conviction to be set aside is DENIED.’
“(C. 12.) On December 12, 2001, Madden filed what he styled as a ‘Motion to Clarify Order Denying Portion of Rule 32.’ In that motion, he asked the court to clarify its order purporting to rescind his 15-year sentence and his probation, but denying his request to set aside his conviction. He stated that the circuit court had granted Rule 32 relief on claims he had not raised in his petition, and that he was ‘confused on how the court came up with its order or where these issues the court ruled on came from’; he requested that the circuit court ‘rule on the issues presented in the Rule 32.’ (C. 16-17.) The circuit court denied the motion.
“On appeal, Madden argues that the circuit court erred in granting Rule 32 relief on issues that were not raised in his petition, i.e., rescinding his 15-year sentence and his probation, and that the circuit court erred in not setting aside his conviction on the ground that the trial court lacked jurisdiction to accept his guilty plea. The State argues that the circuit court correctly rescinded its order placing Madden on probation because, it says, the court did not have jurisdiction six months after imposing sentence to modify the sentence by placing Madden on probation; that the circuit court improperly rescinded Madden’s 15-year sentence for the same reason; and that the circuit court properly denied Madden’s request to have his conviction set aside. We affirm the judgment of the circuit court in part, reverse in part, and remand with directions.
[[Image here]]
“The circuit court erred ... in rescinding Madden’s 15-year sentence. Madden pleaded guilty to theft of property in the first degree, a Class B felony, see § 13A-8-3(c), Ala.Code 1975, punishable by ‘not more than 20 years or less than 2 years.’ § 13A-5-6(a)(2), Ala. Code 1975. His 15-year sentence was within the statutory range and, therefore, was a valid sentence.
“It appears, however, that the execution of that sentence, i.e., the manner in which the court split the sentence, may have been invalid. See, e.g., Havis v. State, 710 So.2d 527 (Ala.Crim.App.1997); Berry v. State, 698 So.2d 225 (Ala.Crim.App.1996); and Wood v. State, 602 So.2d 1195 (Ala.Crim.App.1992)(all recognizing that although a sentence may be valid, i.e., within the statutory range, the manner in which the sentence is ordered to be executed under § 15-18-8, Ala.Code 1975, may be invalid). Section 15-18-8, Ala.Code 1975, provides, in pertinent part:
“ ‘(a) When a defendant is convicted of an offense and receives a sentence of 20 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he or she may order:
“ ‘(1) That the convicted defendant be confined in a prison, jail-type *1139 institution, or treatment institution for a period not exceeding three years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for such period and upon such terms as the court deems best....’
“(Emphasis added.) The plain language of the statute indicates that a trial court can split a sentence only if the defendant is placed on probation for a definite period following the confinement portion of the split sentence. Indeed, this Court has recognized that ‘[ajpplieation of § 15-18-8 necessitates suspension of that portion of the split sentence that is not actual confinement and placement of the convicted defendant on probation .... ’ Hughes v. State, 518 So.2d 890, 891 (Ala.Crim.App.1987). In addition, ‘in view of the history and text of Amendment 38 [of the Alabama Constitution of 1901, from which a trial court’s power to suspend a sentence stems,] the power to suspend a sentence ... can only be exercised when coupled with an order for probation.’ Holman v. State, 43 Ala.App. 509, 513, 193 So.2d 770, 773 (1966) (emphasis added).
“In this case, the record indicates that Madden’s original sentence was split pursuant to § 15-18-8, but the record does not indicate whether the original sentence included a probationary term to follow the six-month term of confinement. The circuit court stated in its order that it had placed Madden on probation on March 31, 2001, over six months after September 7, 2000, the date Madden claimed he was sentenced. However, the circuit court did not state in its order whether Madden’s original sentence included a probationary term and the March 31, 2001, placement of Madden on probation was merely a formality, or whether the original sentence did not include a probationary term and the March 81, 2001, placement was a belated attempt to correct the improper execution of Madden’s sentence. In addition, the case action summary from Madden’s conviction is not included in the record on appeal; Madden did not file a direct appeal from his conviction so this Court has no record of his original sentence; and in his petition, Madden stated only that he was sentenced to ‘15 years split 6 months.’ (C. 1.)
“If Madden’s original sentence did not include a probationary term to follow the confinement portion of the sentence, then the execution of the sentence was invalid under § 15-18-8; if the original sentence did include a probationary term, then both the sentence and its execution were valid and the circuit court also erred in rescinding Madden’s placement on probation.
“Based on the foregoing, we affirm the circuit court’s denial of Madden’s request to have his conviction set aside. However; we reverse the circuit court’s rescinding of Madden’s 15-year sentence and we remand this case to the circuit court for it to reinstate the 15-year sentence, and then to determine whether the execution of the sentence— i.e., the manner in which the court split the sentence — was valid — whether it included a probationary term to follow the term of confinement. If the court determines that Madden’s original sentence did include a probationary term and that, therefore, the execution of the sentence was proper, the court should reinstate Madden’s placement on probation. If the court determines that Madden’s *1140 original sentence did not include a probationary term and that, therefore, the execution of the sentence was invalid under § 15-18-8, the court should reconsider splitting the sentence in compliance with the statute.”
(Some emphasis added.)
In this case, the trial court split the appellant’s sentence. However, it did not impose a period of probation to follow the period of confinement. Therefore, the execution of the appellant’s sentence is not legal. See Madden, supra.
“ ‘Matters concerning unauthorized sentences are jurisdictional,’ Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994), and, we may take notice of an illegal sentence at any time. See, e.g., Pender v. State, 740 So.2d 482 (Ala.Crim.App.1999).”
Moore v. State, 871 So.2d 106, 108 (Ala.Crim.App.2003).
The fact that the trial court indicated that it will conduct a hearing after the appellant completes boot camp does not make the execution of the appellant’s sentence legal. At this time, this court cannot know whether the trial court will indeed conduct a subsequent hearing or whether it will actually impose a period of probation at that future hearing. To assume at this time that the trial court will impose a proper sentence in the future would be to shirk this court’s responsibility to ensure that a valid sentence is imposed and that the sentence has been legally executed. See Moore, supra.
Moreover, even if the trial court did impose a period of probation at a future hearing, such action would merely amount to “a belated attempt to correct the improper execution of [the appellant’s] sentence.” Madden, 864 So.2d at 398. I can appreciate the trial court’s desire to evaluate the appellant’s conduct during boot camp to determine what would be the appropriate period and conditions of probation in this case. However, § 15 — 18—8(c), Ala.Code 1975, provides:
“Regardless of whether the defendant has begun serving the minimum period of confinement ordered under the provisions of subsection (a), the court shall retain jurisdiction and authority throughout that period to suspend that portion of the minimum sentence that remains and place the defendant on probation, notwithstanding any provision of the law to the contrary and the court may revoke or modify any condition of probation or may change the period of probation.”
(Emphasis added.) Therefore, the trial court could impose a period of probation and still have jurisdiction to review the appellant’s conduct during boot camp to determine whether modification of the period and conditions of probation would be appropriate at a later time. Accordingly, requiring the trial court to impose a period of probation at this time would not deprive the trial court of its discretion to tailor the period and conditions of the appellant’s probation based on his conduct during boot camp.
For these reasons, we should remand this case to the trial court for that court to set aside the split portion of the appellant’s sentence and conduct a new sentencing hearing at which it would order the execution of the appellant’s sentence in a legal manner. Therefore, I must respectfully concur in part and dissent in part.