OPINION OF THE COURT — bv the
Hon. J. R. NICHOLSON
This is a writ of error to a judgment of the county court of Hinds county, on habeas, corpus, for the trial of the right of possession of a slave named Cloe.
The plaintiff in error, by his counsel, objected to the authority of the court to try his case in the absence of Hugh McGowan, one of the associate justices of said county. But the court overruled the objection, and proceeded to the trial of the cause.
The first authority granted by the Legislature for this summary method of trial, for the possession of slaves, is to be found in the Rev. code 225, sec., 19; and was given to “the Supreme court, or any circuit court of law, or court of chancery, or any judge of said courts in vacation. As a matter of convenience, this authority was afterwards extended to the judges of Probate, of the several counties, to grant the writ of habeas *497 corpus, and in conjunction with their associates, give relief in the same manner that the judges of the supreme court could do; see revised code, page 226.
It will be observed, that the authority to this body of mentis not given to the county court, as a court, but to the judges of probate, who, in conjunction with their associates, shall give relief, &c.
The legislature, then, having selected these three individuals as a body of men, and not as a court, it is clear, to my miud, that both of the associates must sit with the judge of probate, in order to constitute a tribunal under this act; and such must have been the intention of the legislature: otherwise, they would have said, as they did in the county court law, revised code, 74, that a majority of the justices of the said court, viz. the county court, shall be necessary to constitute a court.
Had the authority, in this act, been given to the county court, as a court, or a majority of the justices, &c., there would have been no doubt on the subject. But here is a specific grant of authority, to a specific number of men, constituting a particular body of magistracy, for the trial of a specific kind of property. It is a tribunal of limited jurisdiction, andean take no authority or jurisdiction by intendment, or construction.
There are other defects in the record and proceedings of the court below; but it is not necessary, in this case, to decide them.
The judgment below must be reversed.
Judges Turner and Montgomery, Smith and Huston concur.